IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-5648 |
| | : | |
| PAMELA R. BONAPARTE | : | |

## ORDER

AND NOW, this 12th day of April, 2017, it is ORDERED the United States of America's Motion for Service by Posting Property and Certified Mail (Document 2) is DENIED without prejudice.[1]

---

[1] After several unsuccessful attempts to personally serve Pamela R. Bonaparte, the Defendant in this student loan collection action, the United States of America seeks authorization to serve Bonaparte by posting a copy of the summons and complaint at her last known address and by sending these materials to Bonaparte at that same address by regular and certified mail. Under Federal Rule of Civil Procedure 4(e)(1), service of an individual defendant in a civil action may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Plaintiff seeks leave to pursue alternative methods of service pursuant to Pennsylvania Rule of Civil Procedure 430(a), which permits a plaintiff to move "for a special order directing the method of service" if service "cannot be made" by the other methods specified in the Rules. A motion for alternative service must be "accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa. R. Civ. P. 430(a). To obtain authorization for alternative service, the plaintiff must show (1) it has made "a 'good faith' effort to locate defendant"; (2) it has made "practical efforts to serve defendant under the circumstances"; and (3) the proposed alternative means of service is "reasonably calculated to provide the defendant with notice of the proceedings against [her]." *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) (emphasis omitted).

The Court is not persuaded Plaintiff has made the required showing at this juncture. The Court's overriding concern is that there is reason to believe Bonaparte may no longer reside at the address at which Plaintiff seeks to serve her—2226 Winton Street, Philadelphia, Pennsylvania 19145. A search of the City of Philadelphia's website, using the Office of Property Assessment's property search feature, reveals that the 2226 Winton Street property was sold to "Finite Developers LLC" in October 2016, around the time this action was filed. *See* City of Philadelphia, Office of Property Assessment, http://property.phila.gov/?p=482098200 (last visited Apr. 11, 2017). Other publicly available information suggests the property may have been sold in a foreclosure sale. *See* Docket entries in *Green Tree Servicing LLC v. Bonaparte*, No. 150801636 (Pa. Ct. Com. Pl., Phil. Cty.), https://fjdefile.phila.gov/efsfjd/zk_fjd_public _qry_03.zp_dktrpt_frames (last visited Apr. 12, 2017) (mortgage foreclosure action filed against

Pamela Bonaparte which resulted in the sale of the property to Finite Developers LLC); Philadelphia Sheriff's Office, Recorded Deeds, https://www.officeofphiladelphiasheriff.com/en/real-estate/recorded-deeds (last visited Apr. 11, 2017) (indicating a sheriff's sale deed to 2226 Winton Street was recorded on October 27, 2016).  Given the likelihood that Bonaparte may no longer reside at the 2226 Winton Street address, the Court cannot conclude that Plaintiff's three attempts to personally serve Bonaparte at that address constitute "practical efforts to serve [her] under the circumstances," or that posting the summons and complaint at that address and mailing copies to Bonaparte there are "reasonably calculated to provide [her] with notice."

The Court also finds Plaintiff's efforts to locate Bonaparte lacking in this case.  The Note to Rule 430(a) provides an "illustration" of a good faith effort to locate a defendant, which includes "(1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act [FOIA], 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, *and* (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records."  Pa. R. Civ. P. 430(a), note (emphasis added).  Although an investigation need not necessarily mirror the example set forth in the Note to qualify as a good faith effort to locate the defendant, the Note "is at least indicative of the types of procedures contemplated by the legislature when enacting Rule 430" and makes clear that "more than a mere paper search is required" before resort to alternative methods of service will be authorized.  *Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 946 (Pa. Super. Ct. 1989).

Plaintiff's efforts to locate Bonaparte are set forth in an "Affidavit of Good Faith Investigation" signed by Jessica Roberts of ProVest Services, LLC, the company Plaintiff hired to investigate Bonaparte's whereabouts.  Pl.'s Mot. for Service Ex. B.  According to this Affidavit, Plaintiff has taken at least some of the steps outlined in the Note.  In particular, Plaintiff made a FOIA inquiry of the Postal Service, which confirmed that the 2226 Winton Street address was Bonaparte's last known address and that no change of address order had been received as of the date of the inquiry (which is not specified).  The Affidavit also reflects that Plaintiff conducted an "Employment Search," which yielded "no verifiable employment information," and a "Drivers License Information Search," in which "[n]o current records [were] found."  *Id.*  With respect to inquiries of relatives, neighbors, and friends of the defendant, the Roberts Affidavit states only that Roberts placed calls to "possible" relatives and neighbors of Bonaparte, but provides no information as to the basis for Roberts's belief that the individuals called were connected to Bonaparte.  Notably, four of the seven calls listed were either to wrong numbers or to disconnected or nonworking numbers, and the remaining three calls were not answered and Roberts did not leave a message.  There is no indication Roberts made any in-person inquiries of any neighbors of the Winton Street residence.  While Plaintiff's process server states he was unable to confirm whether Bonaparte still resided at the Winton Street address by speaking with neighbors, *see id.* Ex. A, it is not clear what efforts the process server made to do so.  The Roberts Affidavit also does not reflect any effort by ProVest to examine local telephone directories, voter registration records, or local tax records.  The Court recognizes that Plaintiff pursued various searches and inquiries other than those listed in the Note to Rule 430(a), but apart from an undated "Credit Header Inquiry," which listed the Winston Street address as the most recent address for Plaintiff, these additional searches produced no information about Bonaparte's current whereabouts, except to suggest that she is not dead, on active military duty, or incarcerated.  Given Plaintiff's failure to use many of the search methods

BY THE COURT:


      /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

set forth in the Note to Rule 430(a), and failure to provide any meaningful description of many of the search methods it did employ, the Court is not persuaded Plaintiff's efforts to locate Bonaparte were sufficient in this case.

      For the reasons set forth above, Plaintiff's Motion for Service by Posting Property and Certified Mail is denied.  The denial is without prejudice to reassertion upon a showing that the proposed method of alternative service is "reasonably calculated, under all circumstances, to apprise [Bonaparte] of the pendency of the action and afford [her] an opportunity to present [her] objections."  *Calabro*, 464 F. Supp. 2d at 471 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).